UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2006 APR 26 P 2: 16

SIGN_____
BY DEPUTY CLERK

LISA MARIE GINTER, PAUL EDWARD
GINTER, both individually and ON BEHALF
OF THE MINOR CHILD RACHEL
ELIZABETH BALLARD
PLAINTIFFS

VERSUS

CIVIL ACTION NO.: 05-1392-JJB-SCR

BELCHER, PRENDERGAST & LAPORTE,
FRED H. BELCHER, JR., E. BUDDY
THOMPSON, WOMAN'S HOSPITAL, DR.
CHRISTOPHER FUNES, AND DR. JOSEPH
THOMAS
DEFENDANTS

## ANSWER OF BELCHER, PRENDERGAST & LAPORTE
## AND FRED H. BELCHER, JR.

NOW INTO COURT, through undersigned counsel, comes FRED H. BELCHER, JR. ("Belcher") and the law firm of BELCHER, PRENDERGAST & LAPORTE ("Belcher, Prendergast & LaPorte") and in answer to plaintiff's Petition ("Complaint") and states as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Belcher and Belcher, Prendergast & LaPorte at all times complied with the statutory requirements of Louisiana Children's Code articles 1608 et seq. in its handling of the adoption of Rachel Elizabeth Ballard.

### THIRD DEFENSE

Belcher and Belcher, Prendergast & LaPorte have acted in good faith and without malice or intent to injure plaintiffs.

1

## **FOURTH DEFENSE**

Answering separately the allegations of plaintiffs' Complaint, Belcher and Belcher, Prendergast & LaPorte deny all allegations against them except those specifically admitted, as follows.

**Complaint**

1.

Belcher, Prendergast & LaPorte admits that is a business entity with its principal place of business in Louisiana. Fred H. Belcher, Jr. admits that he is an individual who is a citizen of the State of Louisiana. Belcher and Belcher, Prendergast & LaPorte deny the remaining allegations contained in Paragraph 1 for lack of sufficient information and because they are not directed to these parties.

2.

Belcher, Prendergast & LaPorte admits that it is a business entity with its principal place of business in Louisiana. Fred H. Belcher admits that he is an individual. Belcher and Belcher, Prendergast & LaPorte deny the remaining allegations contained in Paragraph 2 for lack of sufficient information.

3.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraph 3 for lack of sufficient information.

4-6.

Belcher and Belcher, Prendergast & LaPorte admit the allegations in Paragraphs 4-6.

7.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraph 7 for lack of sufficient information.

8.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraph 8.

9-11.

Belcher and Belcher, Prendergast & LaPorte admit the allegations in Paragraphs 9-11.

12.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraph 12.

13.

Belcher and Belcher, Prendergast & LaPorte admit the allegations in Paragraph 13.

14-15.

Paragraph 14, as amended, and Paragraph 15, as amended, are denied for lack of sufficient information.

16-18.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraphs 16-18.

19-21.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraphs 19, 20 and 21 for lack of sufficient information.

22-24.

Belcher and Belcher, Prendergast & LaPorte deny the allegations set forth in Paragraphs 22-24.

25.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraph 25. Further answering, Belcher and Belcher, Prendergast & LaPorte plead that they complied with Louisiana Children's Code Articles 1608 et seq.

26-27.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraphs 26 and 27.

28.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraph 28 for lack of sufficient information.

29-30.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraphs 29 and 30.

31-32.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraphs 31 and 32.

33-37.

Belcher and Belcher, Prendergast & LaPorte deny the allegations contained in Paragraphs 33, 34, 35, 36 and 37 of the Complaint because they are not directed to Belcher or Belcher, Prendergast & LaPorte.

38-45.

Belcher and Belcher, Prendergast & LaPorte deny the allegations contained in Paragraphs 38, 39, 40, 41, 42, 43, 44 and 45 of the Complaint because they are not directed to Belcher or Belcher, Prendergast & LaPorte.

46.

Belcher and Belcher, Prendergast & LaPorte deny the allegations contained in Paragraph 46 except the extent admitted above.

47.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraph 47. Further answering, Belcher and Belcher, Prendergast & LaPorte plead that they complied with Louisiana Children's Code Articles 1608 et seq.

48.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraph 48.

49-50.

Belcher and Belcher, Prendergast & LaPorte deny the allegations in Paragraphs 49 and 50.

51-54.

Belcher and Belcher, Prendergast & LaPorte deny the allegations contained in Paragraphs 51, 52, 53 and 54 of the Complaint because they are not directed to Belcher or Belcher, Prendergast & LaPorte.

55-58.

Belcher and Belcher, Prendergast & LaPorte deny the allegations contained in Paragraphs 55, 56, 57 and 58 of the Complaint because they are not directed to Belcher or Belcher, Prendergast & LaPorte.

59.

Belcher and Belcher, Prendergast & LaPorte state that no answer is required for the jury request in Paragraph 59; Belcher and Belcher, Prendergast & LaPorte also pray for a trial by jury.

Prayer

Belcher and Belcher, Prendergast & LaPorte pray that the relief requested in the prayer be denied.

**FIFTH DEFENSE**

Belcher and Belcher, Prendergast & LaPorte alleges that plaintiff's claims in whole or in part are time barred.

**SIXTH DEFENSE**

Belcher and Belcher, Prendergast & LaPorte allege that the plaintiffs' claims are barred due to their failure to mitigate damages in that plaintiffs Lisa Marie Ginter and Paul Edward Ginter were aware of any medical problems or potential medical problems with the infant Rachel Elizabeth Ballard before the adoption process was finalized and they had the ability to terminate their involvement in the adoption process of this child prior to their becoming responsible for the child.

**SEVENTH DEFENSE**

Belcher and Belcher, Prendergast & LaPorte allege that the claims on behalf of the minor child Rachel Elizabeth Ballard failed to state a cause of action for which damages are recoverable because the medical condition of that minor child would have been the same regardless of whether she was adopted by the plaintiffs Lisa Marie Ginter, Paul Edward Ginter or any other individual.

## EIGHTH DEFENSE

Belcher and Belcher, Prendergast & LaPorte reserves the right to add additional defenses that it learns through the course of discovery.

## NINTH DEFENSE

Belcher and Belcher, Prendergast & LaPorte demand a jury trial.

Defendants Belcher and Belcher, Prendergast & LaPorte pray that this answer be deemed good and sufficient and after due proceedings are had that there be judgment in favor of Belcher and Belcher, Prendergast & LaPorte dismissing plaintiffs' claims against Belcher and Belcher, Prendergast & LaPorte in their entirety, with prejudice, and for all other general and equitable relief as the Court may deem necessary and proper. Belcher and Belcher, Prendergast & LaPorte reserve the right to amend and supplement their answer and defenses as discovery proceeds.

BY ATTORNEYS:

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
445 North Boulevard, Suite 300 (70802)
Post Office Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 383-4703
Facsimile: (225) 343-0630

By: _____
John C. Miller (Bar Roll # 9490)
Jennifer A. Hataway (Bar Roll #26323)
Attorneys for Fred H. Belcher, Jr. and the law firm of Belcher, Prendergast & LaPorte

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Motion has this day been mailed, postage prepaid, to all counsel of record.
Baton Rouge, Louisiana, this 26 day of April, 2006.

_____
John C. Miller

#165545