FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2006 APR 27 P 3: 20

SIGN_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LISA MARIE GINTER,     CIVIL ACTION NO. 05-1392-JJB-SCR
PAUL EDWARD GINTER
both individually and
ON BEHALF OF THE MINOR CHILD,
RACHEL ELIZABETH BALLARD

VERSUS     JUDGE BRADY

BELCHER, PRENDERGAST &
LAPORTE, and ABC INSURANCE COMPANY;
FRED H. BELCHER, JR., and DEF INSURANCE
COMPANY; E. BUDDY THOMPSON and
GHI INSURANCE COMPANY; WOMAN'S
HOSPITAL, and JKL INSURANCE COMPANY;
DR. CHRISTOPHER FUNES, and MNO
INSURANCE COMPANY; and DR. JOSEPH
THOMAS, and PQR INSURANCE COMPANY     MAGISTRATE RIEDLINGER

*************************************************************************

## MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes E. BUDDY THOMPSON, made defendant in the above captioned matter, who, in support of the Motion to Dismiss, respectfully represents as follows:

### FACTS

The chronology of events set out in the Complaint and Amended Complaint tells the story of the plaintiff parents, South Carolina residents who previously adopted a child from Louisiana in 2003. Plaintiffs contracted with the defendants Belcher, Prendergast & LaPorte and Fred H. Belcher, Jr. to accomplish the adoption. [Complaint, Para. 5]

The Complaint, as amended, alleges that in 2004, Fred H. Belcher, Jr. and the Belcher, Prendergast & LaPorte firm contacted the plaintiff parents again to convey that the birth mother



3

of their adopted child was again pregnant and seeking to place her unborn child for adoption. After much deliberation, the plaintiffs agreed to accept placement of the unborn child (a half-sibling of their adopted child) with the condition that the child be a healthy newborn Caucasian child. [Complaint, Para. 6, 8] The plaintiffs entered into a contract with Defendants Fred H. Belcher, Jr. and the Belcher, Prendergast, & LaPorte firm, and they allege that Fred Belcher, Jr. guaranteed he would procure and deliver to them a healthy Caucasian child from a biological mother. [Complaint, Para. 9-10] The contract provided for payment by the plaintiffs to Belcher of $28,750.00 exclusive of costs for the adoption. [Complaint, Para. 11]

The plaintiffs allege that they made numerous inquiries about the health of the unborn child to be adopted by them. They allege that numerous representations were made to them both before and after the birth of the child that the mother had not consumed drugs or alcohol during the pregnancy. [Complaint, Para. 12, 27, 29-31]

The subject child was born December 5, 2004 in Baton Rouge, Louisiana. She was subsequently transferred to the care and custody of the plaintiffs on December 9, 2004. By December 13, 2004, the plaintiff family returned to South Carolina with their baby girl. [Complaint, Para. 13-14; First Supplemental and Amending Complaint, Para. 14] Thereafter, the plaintiff parents allege they came to learn of various health problems with their new baby, which they now allege were the results of alcohol and/or drug abuse by the biological mother. [Complaint, Para. 19-21] The plaintiffs now seek to recover damages from the named defendants for various alleged acts of negligence or breaches of duties to the plaintiffs.

Named as one of many defendants in the captioned Complaint is E. BUDDY THOMPSON, an attorney acknowledged by Plaintiffs in the Complaint to have represented the biological mother through the referenced adoption process. [Complaint, Para. 2] On the face of

the Complaint appear Plaintiffs' declaration that Fred H. Belcher, Jr. and the Belcher, Prendergast & LaPorte firm represented their interests in that process. [Complaint, Para. 2]

Conspicuously absent from the Complaint and First Supplemental and Amending Complaint are any allegations that the plaintiffs ever met with or had agreements or communications of whatsoever kind with E. BUDDY THOMPSON.

## RULE 12(b)(6) ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for the dismissal of the plaintiffs' Complaint based upon the failure to state a claim upon which relief can be granted. It is well settled that in the context of such a Motion to Dismiss, the Court's analysis must be limited to the four corners of the Complaint, construing the Complaint in favor of the plaintiff and accepting as true all material allegations. *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868 (Tenth Cir. 1992). Any inferences to be drawn by the Court must be taken in the light most favorable to the plaintiff. *Walsche v. First Investors Corp.*, 793 F.Supp. 395 (USDC Conn. 1992). Consideration must be given to whether the Complaint provides a basis for relief under any possible theory of law. Although the plaintiffs need not specify the correct or exact legal theory, they must provide the basis for a cognizable legal theory with sufficient facts to establish the theory. *Kentucky Central Life Ins. Co. v. LeDuc*, 814 F.Supp. 832 (USDC Cal. 1992). In the instant case, with regard to the claims made by Plaintiffs against Defendant E. BUDDY THOMPSON, Mover asserts that there is a lack of any cognizable legal theory in the plaintiffs' Complaint, and there is additionally an insufficiency of facts under a cognizable legal theory so as to support the legal malpractice and negligence claims of Plaintiffs against the mover defendant.

**The Complaint fails to state a claim against E. BUDDY THOMPSON upon which relief can be granted to Plaintiffs.**

In the Complaint and First Supplemental and Amending Complaint, Defendant E. BUDDY THOMPSON is sued in his capacity "as the attorney for the biological mother Karen Collean Ballard." [Complaint, Para. 2] It is within the scope of his representation of Karen Ballard that his actions are challenged in this litigation. There has been no allegation that E. BUDDY THOMPSON acted outside the scope of that representation, and there has been no allegation that E. BUDDY THOMPSON had any relationship with or responsibility of whatsoever kind to Plaintiffs.

In order to bring a claim for legal malpractice, a plaintiff must prove that there existed an attorney/client relationship between the plaintiff and the attorney, that the attorney was guilty of negligence or professional impropriety in his/her relationship with the client, and that the attorney's misconduct caused the client some loss. *Prestage v. Clark*, 723 So.2d 1086 (La. App. 1st Cir. 1998); *Ault v. Bradley*, 564 So.2d 374 (La. App. 1st Cir.), writ denied 569 So.2d 967 (La. 1990). In the instant case, on the face of the Petition, Plaintiffs declare that they were, at all times referenced in the pleading, represented by attorney Fred H. Belcher, Jr. and the law firm of Belcher, Prendergast & LaPorte. [Complaint, Para. 2] Also at Paragraph 2, Plaintiffs clearly assert that attorney E. BUDDY THOMPSON represented Karen Collean Ballard, the biological mother of the child at issue. There is no factual allegation in the pleadings to suggest that Plaintiffs had any dealings of whatsoever kind with the defendant Thompson; there is no allegation that the plaintiffs ever met Thompson, engaged his services for themselves, or received information from him at all. Totally absent from the four corners of the Complaint is any allegation that Plaintiffs had an attorney/client relationship with E. BUDDY THOMPSON. Without that critical element, Plaintiffs cannot bring a legal malpractice claim against this defendant.

6

There is likewise nothing in the pleadings to suggest that E. BUDDY THOMPSON had any legal duty of whatsoever kind to the plaintiffs. It is well-settled that an attorney does not owe a legal duty to his client's adversary, and an attorney cannot be held liable to a non-client for malpractice absent fraud, collusion or privity of contract. *Bergman v. New England Ins. Co.*, 872 F.2d 672 (5th Cir. 1989). In order for an attorney to have a legal duty to supply correct information, so as to render the attorney liable to non-client for malpractice, the plaintiff must show that the attorney provided legal services and knew that a third party intended to rely upon those services. *Trust Co. of La. V. W.N.P. Inc.*, 104 F.3d 1478 (5th Cir. 1997); *Red River Valley Bank v. Home Ins. Co.*, 607 So.2d 892 (La. App. 2d Cir. 1992).

Plaintiffs have made no factual allegations to warrant maintenance of a claim by these non-clients against the attorney representing another party in the underlying adoption proceeding. In this case, the plaintiffs have stretched to offer the conclusory allegation that E. BUDDY THOMPSON, a person/attorney with whom they had absolutely no dealings, somehow owed them a duty which he failed to honor. [Complaint, Para. 34-36, 52-53] The duty is not defined or explained; it stands only as a general charge, without factual support, unlike the more particularized claims against other defendants. It is well-settled that a pleading's legal conclusions are not deemed admitted in the Rule 12(b)(6) analysis. Likewise, unwarranted factual inferences will not be drawn to aid the plaintiff. *Mixon v. Ohio*, 193 F.3d 389, 400(6th Cir. 1999). Such conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>*Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir.2003)</u>.

## CONCLUSION

What is clear from the pleadings is Plaintiffs' understanding that E. BUDDY THOMPSON represented Karen Collean Ballard relative to her action to surrender her biological

7

child for adoption. That action by Thompson, consistent with the provisions of the Louisiana Children's Code at Article 1121 was straightforward and directed by the codal provisions. There is nothing in the Children's Code or the allegations of the Petition to create a duty to the plaintiffs which would allow them a cause of action in legal malpractice against E. BUDDY THOMPSON. Neither the complaint nor the amended complaint alleges, and Plaintiffs do not contend that E. BUDDY THOMPSON made representations, commitments or guarantees of any kind to the adopting plaintiff couple. Clearly, the Complaint points directly to other defendants with specific factual allegations of duty and wrongdoing based on relationships among those parties. In the case of the moving defendant, there are no facts alleged to support the conclusory assertions against the mover. On that basis, the Complaint fails to state a cause against E. BUDDY THOMPSON for which relief could be granted, and the plaintiffs' claims against the moving defendant should be dismissed.

Respectfully submitted,

ALLEN & GOOCH
A Law Corporation

*Nora M. Stelly*
NORA M. STELLY
Bar Roll Number 18446
1015 St. John Street
Post Office Box 3768
Lafayette, Louisiana 70502-3768
318-291-1330   Direct Line
Attorney for E. Buddy Thompson

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been forwarded to all known counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 27th day of April, 2006.

*Nora M. Stelly*
NORA M. STELLY