FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.
2006 JUN 22 AM 11:19

SIGN_____
by DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

LISA MARIE GINTER, PAUL EDWARD
GINTER, both individually and ON BEHALF
OF THE MINOR CHILD RACHEL
ELIZABETH BALLARD

PLAINTIFFS

VERSUS                                          CIVIL ACTION NO.: 05-1392-JJB-SCR

BELCHER, PRENDERGAST & LAPORTE,
FRED H. BELCHER, JR., E. BUDDY
THOMPSON, WOMAN'S HOSPITAL, DR.
CHRISTOPHER FUNES, AND DR. JOSEPH
THOMAS

DEFENDANTS

## MOTION TO DISMISS INDIVIDUAL CLAIMS OF LISA MARIE GINTER AND PAUL EDWARD GINTER FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR IMPROPER VENUE

AND

## MOTION TO DISMISS CLAIM ON BEHALF OF THE MINOR CHILD RACHEL ELIZABETH BALLARD FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**NOW INTO COURT**, through undersigned counsel, comes Fred H. Belcher, Jr. ("Belcher"), and Belcher, Prendergast & Laporte (the "Law Firm"), purportedly made defendants in the above captioned proceedings, who move this Court to dismiss the individual claims of Lisa Marie Ginter and Paul Edward Ginter for lack of subject matter jurisdiction and/or improper venue, and to dismiss the claims on behalf of the minor child Rachel Elizabeth Ballard for failure to state a claim upon which relief can be granted, on the following grounds.

1.

On December 9, 2005, the incident complaint was filed on behalf of Lisa Marie Ginter and Paul Edward Ginter (the "Ginters" or the "Plaintiffs") in this Court. The incident suit is a claim by the Plaintiffs against the attorney who handled the initial adoption paperwork, based upon breach of contract, fraud, malpractice, and intentional and negligent misrepresentation. The action was filed by the Ginters individually and on behalf of the minor child Rachel Elizabeth Ballard.

2.

The alleged jurisdictional basis for this lawsuit is based upon the provisions of 28 USC §1332 by virtue of the fact that the matter in controversy allegedly exceeds the value of $75,000 exclusive of interest and costs and is between citizens of different states.

3.

Belcher and the Law Firm submit that this Court lacks subject matter jurisdiction because the amount actually in controversy in the Ginters' individual claims is less than $75,000 exclusive of interest and costs.

4.

Based upon the authority cited in the memorandum which accompanies this motion, Belcher and the Law Firm submit that this Court lacks subject matter jurisdiction to hear the instant lawsuit as it relates to the Ginters' individual claims and such claims should be dismissed.

5.

Belcher and the Law Firm further show that the contract in question (a copy of which is attached as Exhibit "A") contains a forum selection clause which states that "any action at law, suit in equity or other judicial proceedings for the enforcement and/or breach of this contract, or

any provision thereof, shall be instituted only in the 19th Judicial District Court of the State of Louisiana".

6.

Belcher and the Law Firm aver this forum selection clause clearly restricts litigation on this contract and the relationship arising out of the contract to the courts of the State of Louisiana and this suit by the Ginters' individually is therefore improperly filed in a United States District Court.

7.

Based upon the numerous authorities cited in the memorandum which accompanies this motion, Belcher and the Law Firm submit that this Court is not the appropriate venue to hear the instant lawsuit as it relates to the Ginters' individual claims and such claims should be dismissed.

8.

The suit is also filed on behalf of the minor Rachel Elizabeth Ballard and the allegations asserted on behalf of the minor child fail to state a claim upon which relief can be granted.

9.

Based upon the numerous authorities cited in the memorandum which accompanies this motion, Belcher and the Law Firm submit to this Court that the claims on behalf of the minor child fail to state a claim upon which relief can be granted and the instant lawsuit as it relates to the minor's claims should be dismissed.

**WHEREFORE**, Mover Fred H. Belcher, Jr. and the Law Firm of Belcher, Prendergast & Laporte, pray that this Court will grant this motion to dismiss and will dismiss the above captioned proceedings for lack of subject matter jurisdiction and/or improper venue.

BY ATTORNEYS:

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
445 North Boulevard, Suite 300 (70802)
Post Office Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 383-4703
Facsimile (225) 343-0630

By: _____
John C. Miller (Bar Roll # 9490)
Attorneys for Fred H. Belcher, Jr. and Belcher,
Prendergast & Laporte


**CERTIFICATE**

I hereby certify that a copy of the above and foregoing has this day been mailed, postage prepaid, to all counsel of record.

Baton Rouge, Louisiana, this __22__ day of June, 2006.

_____
John C. Miller

#168540

# *AGREEMENT*

**WHEREAS, PAUL EDWARD GINTER** and **LISA MARIE GINTER** desire to adopt a newborn Caucasian child.

**WHEREAS, FRED H. BELCHER, JR.**, Attorney-At-Law, handles adoption cases in the State of Louisiana.

**NOW THEREFORE**

**PAUL EDWARD GINTER** and **LISA MARIE GINTER** agree to pay Fred H. Belcher, Jr. the sum of Twenty-Eight Thousand Seven Hundred Fifty and No/100 ($28,750.00) as payment for medical bills, hospital bills, living expenses of the biological mother during pregnancy and for a reasonable time afterwards, and attorney fees. This contract <u>does not</u> cover court costs for the adoption.

**PAUL EDWARD GINTER** and **LISA MARIE GINTER** further agree they will pay $10,000.00 upon execution of this agreement, $10,000.00 forty-five (45) prior to the anticipated due date and $8,750.00 upon receipt of the child

Should the child be born premature or for medical reasons, be required to stay in the hospital more than two days, the parents and/or their hospitalization insurance policy shall be responsible for the expenses incurred by the child for any stay in excess of two days.

Fred H. Belcher, Jr. hereby guarantees he will procure and deliver to **PAUL EDWARD GINTER** and **LISA MARIE GINTER** a healthy Caucasian child from a biological mother.

**<u>Should the adoptive parents withdraw from this agreement, they forfeit all monies deposited with Fred H. Belcher, Jr.</u> This agreement cannot be assigned by either party.**

Fred H. Belcher, Jr. further guarantees the final adoption shall be legal.

Fred H. Belcher, Jr. further agrees that should the biological mother refuse to sign the consent papers for the adoption, or the adoption fails for any reason, he guarantees that **PAUL EDWARD GINTER** and **LISA MARIE GINTER** shall be placed with another pregnant biological mother, either through his or their joint efforts, within twelve (12) months of the date of refusal or a refund of one-third (1/3) all monies deposited with him. Should the adoptive parents, **PAUL EDWARD GINTER** and **LISA MARIE GINTER** be placed with a second biological mother and the biological mother refuses to sign the consent papers for the adoption or the adoption fails for any reason, the adoptive parents, **PAUL EDWARD GINTER** and **LISA MARIE GINTER** shall <u>not</u> receive a refund of any monies deposited with Fred H. Belcher, Jr.

Fred H. Belcher, Jr. further guarantees that **PAUL EDWARD GINTER and LISA MARIE GINTER** shall receive a healthy Caucasian child. He only guarantees the mental and physical health of the child for a period of thirty (30) days from date adoptive parents receive the child. He is not responsible for any of the child's medical bills from the time the child is removed from the hospital.

We, **PAUL EDWARD GINTER and LISA MARIE GINTER**, acknowledge that we have been advised by Fred H. Belcher, Jr. that the field of adoptions is a specialized and difficult area of practice due to the numerous laws in place to protect the rights of the biological parents including, but not limited to, specific waiting periods during which the final surrender cannot be executed. We understand that the surrender of the child cannot be finalized until the expiration of those waiting periods and that Fred H. Belcher, Jr. does not guarantee a successful result. We have further been advised that failed adoptions are a regular occurrence in this field and that there is a real risk that the adoption will not be finalized

It is mutually understood and agreed that this contract shall be governed by the laws of the State of Louisiana, and specifically by the Louisiana Children's Code both as to interpretation and performance. Any action at law, suit in equity, or other judicial proceeding for the enforcement and\or breach of this contract, or any provision thereof, shall be instituted only in the 19th Judicial District Court of the State of Louisiana.

Case 3:05-cv-01392-JJB-SCR   Document 44   06/22/06   Page 5 of 6

We, **PAUL EDWARD GINTER** and **LISA MARIE GINTER**, acknowledge that we have read this contract in its entirety and that we have been given the opportunity to ask questions. After having done so, we hereby acknowledge that we understand the terms, conditions and risks involved in entering into this contract and that we hereby accept all of the terms, conditions and risks outlined in this agreement.

**THUS DONE AND SIGNED** in the City of Bluffton, State of South Carolina, this 17 day of August, 2004.

*/s/ Paul Edward Ginter*
**PAUL EDWARD GINTER**

*/s/ Lisa Marie Ginter*
**LISA MARIE GINTER**

**THUS DONE AND SIGNED** in the city of Baton Rouge, State of Louisiana this 11TH day of August, 2004.

**BELCHER & PRENDERGAST**

BY: */s/ Fred H. Belcher, Jr.*
**FRED H. BELCHER, JR.**